IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN MELENDEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-475-WDS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is petitioner's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), to which the government has filed a response (Doc. 4).

## BACKGROUND

Petitioner was convicted by a jury of conspiracy to distribute and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and 846 (Count 1), and aiding and abetting the possession of marijuana with intent to distribute in excess of 100 kilograms in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) & (b)(1)(B) (Count 2). Petitioner's Sentencing Guideline range was calculated to be 292-365 months. He was sentenced to 300 months' imprisonment, five years supervised release, a fine of $1300, a special assessment of $200, and a $15 million forfeiture. Petitioner appealed his convictions, sentence, and forfeiture. In *United States v. Melendez*, 401 F.3d 851 (2005), the Seventh Circuit affirmed the conviction and forfeiture, but ordered a limited remand to ask whether the district judge, had he known the Sentencing Guidelines were advisory under *Booker* and *Paladino*, would have imposed the same sentence on Melendez. *See United States v. Booker*, 543 U.S. 220 (2005); *United States v. Paladino*, 401 F.3d 471, 484-85 (7th Cir. 2005). On

remand, the district court found that the 300-month sentence was still appropriate, even in light of *Booker* and *Paladino*. This new sentence was subsequently affirmed. *United States v. Melendez*, 467 F.3d 606 (7th Cir. 2006), cert. denied, 127 S.Ct. 3076 (2007). The Seventh Circuit found that the petitioner's Sentencing Guideline range was correctly calculated, and that the sentence within that range was presumed reasonable. *Melendez*, 467 F.3d at 609 (citing *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005)).

Petitioner's pending motion is based upon the judge's use of sentencing factors under 18 U.S.C. § 3553(a). The sentencing judge cited several of these factors when he imposed the petitioner's sentence. *Melendez*, 467 F.3d at 609. The petitioner's attorney made arguments for a reduced sentence that were later found to be "insufficient to rebut the presumptive reasonableness of his sentence." *Id*. Petitioner filed the instant motion under § 2255 arguing that his Sixth Amendment right was violated by ineffective assistance of counsel because of counsel's ineffective arguments at sentencing and his failure to rebut the § 3553(a) factors.

## **LEGAL STANDARD**

The Sixth Amendment guarantees the right of a criminal defendant to have the assistance of counsel. This has been interpreted to include "the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970). Proving that counsel's performance was deficient "requires showing that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, "[t]he [S]ixth [A]mendment does not guarantee success or entitle defendants to the best available counsel or the most prudent strategies." *Kokoraleis v. Gilmore*, 131 F.3d 692, 696 (7th Cir. 1997). Therefore, "the Constitution is satisfied when the lawyer chooses a

professionally competent strategy that secures for the accused the benefit of an adversarial trial." *Id*.

"[B]ecause counsel is presumed effective, a party bears a heavy burden in making a winning claim based on ineffective assistance of counsel." *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006), cert. denied, 127 S.Ct. 327 (2006) (*quoting Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000)).  This presumption can be rebutted by the petitioner by demonstrating that his "counsel's representation fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  *See also United States v. Delgado*, 936 F.2d 303, 311 (7th Cir. 1991), cert. denied, 112 S.Ct. 972 (1992) .

In order to meet the "performance" prong of the *Strickland* test, a petitioner "must establish specific acts or omissions of his counsel that constitute ineffective assistance.  [The Court] then determine[s] whether these acts or omissions were made outside the wide range of professionally competent assistance." *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003).  When alleging omissions, "it is not enough to criticize counsel for failing to take particular steps.  Instead, one must also address what action counsel did take, and then evaluate her performance as a whole." *Eckstein v. Kingston*, 460 F.3d 844, 849 (7th Cir. 2006).  This reasonableness standard is not meant "to second-guess counsel's strategic decisions or take up the role of the 'Monday morning quarterback.'" *United States v. Recendiz*, 557 F.3d 511, 531 (7th Cir. 2009) (*quoting Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990)).  It is meant to ascertain "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

## ANALYSIS

The specific acts alleged by the petitioner are his sentencing counsel's arguments based on factors which the sentencing judge found to be irrelevant. Rather than examining the reasonableness of these factors through the lens of hindsight, the Court will examine counsel's actions based on their reasonableness at the time they were made. *See Gentry v. Sevier*, 597 F.3d 838, 851 (7th Cir. 2010). Most of the factors that counsel put forward in an effort to reduce petitioner's sentence were factors which have been considered at sentencing in other cases. These factors were: age, *United States v. Cantrell*, 2010 WL 3155912, No. 09-1856 (7th Cir. Aug. 11, 2010); an impoverished background, *Robinson v. Schriro*, 595 F.3d 1086, 1110 (9th Cir. 2010); poor health, *United States v. Harris*, 567 F.3d 846, 855 (7th Cir. 2009); mental health history, *United States v. Limon*, 273 Fed. Appx. 698, 703 (10th Cir. 2008); history of substance abuse, *United States v. Tristan-Madrigal*, 601 F.3d 629, 640 (6th Cir. 2010); employment history, *United States v. Newell*, 596, F.3d 876, 881 (8th Cir. 2010); criminal history, *United States v. Pape*, 601 F.3d 743, 747 (7th Cir. 2010); risk of recidivism due to age, *United States v. Phinney*, 599 F.Supp. 2d 1037, 1044 (E.D. Wis. 2009); and fatherhood, *United States v. Sorrell*, 365 Fed. Appx. 672, 674 (6th Cir. 2010). Given the previous use and success in arguing these factors, counsel's representation of petitioner at sentencing was not "below an objective standard of reasonableness" sufficient to meet the performance prong of *Strickland*. *See also Provenzano v. Singletary*, 148 F.3d 1327, 1332 (11th Cir. 1998) ("In order to show that an attorney's strategic choice was unreasonable, a petitioner must establish that no competent counsel would have made such a choice.")

The remaining factors put forward by counsel related to the characteristics of the defendant, a consideration required under § 3553(a). The characteristics, however, related to events which had

4

occurred after the original sentencing. At the time this argument was made, the Seventh Circuit had already decided that, "the § 3553(a) factors must have been in existence at the time the original sentence was imposed." *United States v. Re*, 419 F.3d 582, 583 (7th Cir. 2005). Had these been the only arguments put forward by counsel at sentencing, his performance might have been "below an objective standard of reasonableness." But, the Court need not decide whether the three remaining factors, in and of themselves, were unreasonable strategic decisions. "Counsel's work must be assessed as a whole; it is the overall deficient performance, rather than a specific failing, that constitutes the ground of relief." *Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005). As a whole, counsel's arguments at sentencing were reasonable, despite the fact that some were irrelevant and all were rejected.

The second, but related argument is that counsel was ineffective for failing to rebut the § 3553(a) factors considered by the Court. First, petitioner mischaracterizes counsel's arguments as wholly irrelevant and entirely failing to raise § 3553(a) factors. The twelve arguments put forward by petitioner as examples of counsel's unreasonable arguments are, generally, § 3553(a)(1) factors. Describing petitioner's age, impoverished childhood, health, absence of history of mental or emotional problems, absence of history of substance abuse, prior employment, criminal history, and low risk of recidivism as a result of age go directly to the "history and characteristics" of the petitioner. It may be the case that the petitioner's attorney failed to persuade the Court by raising these arguments, but it appears that the attorney did make a good faith effort to raise the factors of § 3553(a) which a reasonable attorney would find relevant.

Second, these allegations do not meet the standard for omissions in examining counsel's performance as a whole. Petitioner argues that there were other § 3553(a) arguments which should

have been raised, such as the types of sentences available, the disparity in sentences between himself and other similar defendants, the non-violent nature of his offense, and the need to provide restitution to any victims. The Court gives great deference to the tactical decisions of defense attorneys. "Given the finite resources of time and money that face a defense attorney, it simply is not realistic to expect counsel to investigate substantially all plausible lines of defense." *White v. Singletary*, 972 F.2d 1218, 1224 (11th Cir. 1992). "[E]very indulgence will be given to the possibility that a seeming lapse or error by defense counsel was in fact a tactical move, flawed only in hindsight." *United States v. Taglia*, 922 F.2d 413, 417-418 (7th Cir. 1991).

The presumption of effective counsel can be overcome by showing that the "ignored issues are clearly stronger than those presented…." *Gray v. Greer*, 800 F.2d 644, 647 (7th Cir. 1986). Counsel made arguments at the sentencing which were reasonably calculated to result in a decreased sentence for his client. Because the petitioner's attorney raised issues which had previously been successful for other defendants, and did address § 3553(a) factors, the Court cannot find that the alternate arguments made by the defendant are clearly stronger than those presented by petitioner's attorney at sentencing.

Petitioner, has not met the performance prong of the *Strickland* test and he has, therefore, failed the entire test and there is no need to analyze the prejudice prong. *United States v. Simone*, 931 F.2d 1186, 1197 n. 16 (7th Cir. 1991).

## **CONCLUSION**

Accordingly, the Court **DENIES** petitioner's motion to vacate, set aside or correct sentence (Doc. 1) on all grounds raised.

The Clerk of the Court is **DIRECTED** to enter judgment in favor of respondent and against petitioner.

**IT IS SO ORDERED**

**DATE:  October 27, 2010**

                                          **/s/  WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**